# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 17-CR-60-JED |
| | ) | |
| CALVIN L. FLEETWOOD, | ) | |
| MICHAEL FLEETWOOD, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is a Joint Motion to Continue Jury Trial (Doc. 44). The parties jointly request that the Court continue the jury trial, which is currently set for August 21, 2017, for approximately thirty (30) days.

On June 6, 2017, an indictment was returned charging defendants with possession of methamphetamine with intent to distribute pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). Both defendants are released on conditions pending trial.

Counsel for the defendants request that the Court grant a continuance so that they may have additional time to review discovery and further explore plea negotiations with the government. Counsel for Defendant Michael Fleetwood "has only recently been able to speak to his client regarding this matter," and counsel for Defendant Calvin Fleetwood was "only recently, on July 20, 2017, [ ] appointed to represent [him]." (*Id.*). Counsel for the government requests a continuance of this matter so that they may have additional time to file their response to Defendant Michael Fleetwood's Motion to Suppress (Doc. 39). The

government further represents to the Court that the Oklahoma Highway Patrolman who took Michael Fleetwood's statement, Trooper Miller, hurt himself on the job and will not be back to work for several months. Currently Trooper Miller is on vacation with his family and will not return until August 14, 2017. Counsel for the government requests a continuance so that they may speak with Trooper Miller when he returns from vacation and thereby be able to properly respond to Defendant Michael Fleetwood's Motion to Suppress.

The parties' request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance on the "basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id*. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id*. at § 3161(h)(7)(B)(iv).

An ends of justice continuance should not be granted "cavalierly," and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007) (citations omitted); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). Pursuant to *Toombs*, the parties must provide the district court a sufficient record to determine why the facts require additional time. *See* 574 F.3d at 1271. A district court must also give significant weight to the

public's interest in a speedy trial. *Id.* at 1273.

The parties ask the Court to continue all deadlines in the present scheduling order for 30 days to allow discovery review to be completed, for defendants and counsel to review the discovery, for counsel to conduct investigation and confer with their clients, to prepare pretrial motions, and to prepare for trial. The case is currently set for trial on August 21, 2017, which is not adequate time for the parties to prepare for trial.

The Court finds that the joint request for a 30 day extension of all deadlines is reasonable and the request for an ends of justice continuance should be granted. In addition to the interests of the defendants, the Court has considered the public's interest in the speedy resolution of criminal case and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that the Joint Motion to Continue Jury Trial (Doc. 44) is granted and that the scheduling order entered on June 27, 2017 (Doc. 28) is **stricken**.

**IT IS FURTHER ORDERED** that the following scheduling order be entered:

| | |
|---|---|
| Motions due: | August 18, 2017 |
| Response due: | August 25, 2017 |
| **PT/CP/Motions Hearing:** | **September 5, 2017 at 1:30 p.m.** |
| Voir dire, jury instructions, and trial briefs due: | September 11, 2017 |
| **Jury Trial:** | **September 18, 2017 at 9:30 a.m.** |

**IT IS FURTHER ORDERED that time between August 21, 2017, and September 18, 2017 is excludable pursuant to 18 U.S.C. § 3161(h)(7)(A).**

DATED this 11th day of August, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE